UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD JOHNSTON,

Plaintiff,

v.

ROBERT HARTMAN, *et al.*,

Defendants.

Case No. 3:23-CV-00408-MMD-CLB

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE AND MOTION TO COMPEL**

[ECF Nos. 64, 65, 68]

Currently pending before the Court is Plaintiff Richard Johnston's ("Johnston") motion for leave to file a motion to compel, (ECF No. 65), motion to compel, (ECF No. 64), and motion for court intervention, (ECF No. 68). For the reasons discussed below, Johnston's motions for leave and court intervention are denied as moot, and his motion to compel is denied.

**I.    Discussion**

The Court will first address Johnston's motion for leave before addressing his motion to compel.[1]

    **A.    Motion for Leave**

The Court finds Johnston's motion for leave to file a motion to compel is moot because it was filed under the mistaken belief discovery had closed. Discovery in this case was originally set to close on December 22, 2025. (ECF No. 61.) However, the Court granted Johnston's motion to extend discovery until February 21, 2026. (*Id.*) It appears Johnston did not receive notice that discovery had been extended until after he filed his motion for leave because his basis for seeking leave is that his motion to compel was filed after the December 22 discovery cut-off date. (ECF No. 65.) Because discovery was

---

[1]    The Court will not separately address Johnston's motion for court intervention. Johnston's motion is essentially a request to expedite the Court's ruling on his motion to compel because discovery closes this week. (*See* ECF No. 68.) However, considering the below analysis, the Court finds Johnston's motion is moot.

extended, however, Johnston's motion to compel is timely and he does not need leave from the Court to file it. Accordingly, Johnston's motion for leave, (ECF No. 65), is denied as moot.

### B.      Motion to Compel

The Court will next address Johnston's motion to compel. (ECF No. 64.) In his motion, Johnston seeks to compel information related to two of his requests for production. (*Id.*) Before addressing these requests, however, the Court will first address whether Johnston properly met and conferred with opposing counsel prior to filing his motion.

### 1.      Meet and Confer Requirement

Both the Federal Rules of Civil Procedure and the Court's Local Rules require parties to meet and confer prior to filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1); LR 26-6(c). Here, Defendants argue Johnston's motion to compel is improper because he failed to comply with these Rules. (ECF No. 66 at 2-3.) Johnston responds that he sent opposing counsel two letters and two requests for production, which satisfies the meet and confer requirement. (ECF No. 67 at 2; *see also* ECF No. 64 at 11-13.) Johnston further argues that opposing counsel never contacted him so he was unable to formally meet and confer. (ECF No. 67 at 2.) There are multiple problems with Johnston's arguments.

First, requests for production cannot serve as a basis for demonstrating a party's attempt to meet and confer because the request necessarily occurs before any discovery dispute arises. Second, neither of Johnston's letters actually asked opposing counsel to meet and confer. In his first letter, Johnston notes only that 30 days had elapsed since he submitted his second request for production yet he had not received a response. (ECF No. 64 at 11.) As with the request for production, this letter cannot serve as a basis for attempting to meet and confer because Johnston had not yet received the responses he now objects to. In his second letter, Johnston states why he disagrees with the responses to his second request for production, but he does not actually ask opposing counsel to

meet and confer, nor does he state he is contemplating filing a motion to compel. (*Id.* at 12-13.) Thus, while the letter does touch on the dispute now pending before the Court, Johnston did not actually ask to meet and confer.

Lastly, Johnston's claim that opposing counsel never contacted him misunderstands whose responsibility it is to setup a meet and confer. Johnston seems to be under the impression that because he disagreed with opposing counsel's responses, opposing counsel was obligated to setup a meeting with Johnston to resolve it. This is incorrect. It is Johnston's responsibility to initiate a meet and confer because he is the one who is dissatisfied with the discovery response. It is only once Johnston does so opposing counsel is obligated to set up the actual meeting. Here, as just mentioned, Johnston never asked opposing counsel to meet and confer, he only stated why he disagreed with opposing counsel's responses. Thus, opposing counsel was under no obligation to setup a meeting. In the future, if Johnston is dissatisfied with a discovery response, he must explicitly state in his letter to opposing counsel that he wishes to meet and confer.

Johnston has therefore failed to meet and confer as required, and his motion to compel could be denied on that basis alone. Nevertheless, the Court will reach the merits of Johnston's motion because he did provide opposing counsel with notice of his disagreement, and to promote judicial efficiency since the issue is fully briefed.

### 2.    Request for Production No. 5

The Court will first address Request No. 5, which requests "[a]ll of the communications between the Defendants regarding Grievance No. 20063145944; Between October 1, 2022 to September 1, 2023. (ECF No. 64 at 2, 8.) Defendants objected to the request because: (1) "it assumes facts not in evidence;" (2) "it is not reasonably calculated to lead to the discovery of admissible evidence;" and (3) "it calls for pure speculation based on hypothetical facts without foundation." (*Id.* at 8.) Without waiving those objections, Defendants stated in response there were "no documents responsive" to Johnston's request. (*Id.*)

Federal Rule of Civil Procedure 34(a) permits a party to request a copy of documents and electronically stored information ("ESI") in "the responding party's possession, custody, or control." Here, Defendants argue there are no documents responsive to Johnston's request and they are under no obligation to "manufacture documents." (ECF No. 66 at 3-4.) In response, Johnston asserts, without any evidence, that the requested documents "exist as [ESI] as any transmitted document over the internet is permanently stored in the 'cloud.'" (ECF No. 67 at 3.) The Court agrees with Defendants. Johnston has adduced no evidence indicating Defendants are in possession of any documents or ESI responsive to his request, and his argument that such information exists in the cloud is pure speculation. Defendants correctly state that Rule 34 "only requires a party to produce documents that are already in existence," not that they "prepare new documents solely for their production." *Acosta v. Wellfleet Commc'ns, LLC*, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018) (collecting cases).

Accordingly, Johnston's motion to compel as to Request No. 5 is denied.

### 3.      Request for Production No. 6

The Court will next address Request No. 6, which requests "[a]ll complaints submitted by inmates and official prison reports stating the official reprimands for the employee violations" as to all Defendants. (ECF No. 64 at 8.) Defendants objected to the request because: (1) "it calls for information pertaining to another inmate which [Johnston] is not permitted to access under Administrative Regulation 569;" (2) "it assumes facts not in evidence and is not reasonably calculated to lead to the discovery of admissible evidence;" (3) "it calls for pure speculation based on hypothetical facts without foundation;" and (4) the information sought, "if it exists, is confidential under NAC 287.718(1)(j). (*Id.* at 9.) Defendants refused to respond to Request No. 6. (*Id.*)

Here, Defendants argue Johnston's request is overbroad and not proportional to the needs of his case, and that even if it were, none of the individual Defendants "maintain a list of all complaints lodged by offender" so they could not comply with the request. (ECF No. 66 at 4.) Johnston does not directly reply to those arguments, and instead

argues he is permitted to access the information by court order notwithstanding AR 569 and NAC 287.718.

Courts are not required to compel disclosure that is "unnecessarily burdensome and overly broad" with minimal chance of leading to relevant evidence. *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992). In a motion to compel a request for production, the moving party is required to make a "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In this instance, Johnston has failed to provide a specific showing that the burden of production would be minimal, or that it would lead to relevant evidence. Furthermore, the Court agrees that Johnston's request is overbroad and not proportional to the needs of his case. Johnston seeks all complaints submitted by an inmate against Defendants which, depending on the individual length of each Defendant's employment, could span across several years or even decades. Moreover, Johnston's request would include complaints about issues wholly irrelevant to the claims in his case.

Accordingly, the Court finds Johnston has failed to meet his burden and his motion to compel as to Request No. 6 is denied.

///

///

///

///

///

## II.     Conclusion

Accordingly, **IT IS ORDERED** that Johnston's motion for leave to file a motion to compel, (ECF No. 65), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Johnston's motion to compel, (ECF No. 64), is **DENIED**.

**IT IS FURTHER ORDERED** that Johnston's motion for court intervention, (ECF No. 68), is **DENIED AS MOOT**.

**DATED**: February 19, 2026

_____
UNITED STATES MAGISTRATE JUDGE